The President:
I concur with Judge Coaltek, in his statement of the evidence in the record, and also in his conclusions from its application to explain the ambiguity in the two clauses of the will, by which the Bellevue estate, and the part of it called Whitings, are devised to the trustees Minor and Chew: that as to the lands, the testator meant to distinguish Bellevue from Whitings; but in regard to the slaves, treated them as belonging to the Bellevue estate, including the part called Whitings; and intended to give one moiety of the whole on both places, in trust for his nephew James Fife, and the other moiety for his nephew William Fife. Nor is this construction affected by the residuary devise to the appellee. When Dr. Spratt, the testator, selected his books, medicine and shop-furniture, as a very appropriate present to his friend Doctor Dabney, (which are first specified in the residuary clause,) it is impossible, I think, to infer that he still intended to give the shop also, the slaves at Whitings, and the lots in Urbanna; and when he added, “all the estate not before devised, including my gig and saddle horses,” it is not to be inferred, indeed it is difficult to conceive, that he meant to include in the general words any other estate, than articles of a similar character and importance. It seems to me plain, that he threw in the words “ including my gig and saddle horses,” lest, limiting the word estate to articles of the same character as those before specified in the clause, his gig and saddle horses would' not pass. The intention of the testator is to be collected from his words, and the use he makes of them; and, although the Court cannot indulge in conjecture, however probable, yet direct implication and inference is not to be disregarded. See Chapman v. Brown, 3 Burr. The inference in this case is so strong, from the words that go before and follow the general words in the clause, that it would be to disregard the manifest intention of the testator, not to give it the weight that it deserves. I think it is ob *213 yious, from the whole clause, taken together, that nothing was intended to be included, by the words “all the estate not before devised,” of greater value or importance than the books, medicine and shop furniture. In the ease in 2 Jltkym, which has been cited, the words “all other the rest and residue and remainder of my estate, to my wife and her assigns forever,” are stronger; yet they were controlled by the words going before, which were not so strong, as the preceding words in the residuary clause in this case. In that case, it is said, that the Court will intend an intestacy in favor of the heir at law. If there is any force in this, it applies as strongly in favor of' heirs and distributees here, as in favor of the heir at law there. But the solution of it is, that if the testator does not dispose of his property, or if the Court cannot understand him, (which is the same thing,) the law will dispose of it for him. I lay no great stress on this case. The principles on which wills and other instruments are to be construed, are better settled than the rules which have been formed by the application of them to particular eases. The intention of the testator is the first object, and, if not in conflict with the rules of law, ought to prevail.
I am therefore of opinion, that both decrees should be reversed, and concur in the decree which is to be entered,